[No. 1053.   Decided March 6, 1894.]

MARY E. BRENNAN, *Appellant*, v. FRONT STREET CABLE RAILWAY COMPANY, *Respondent*.

DEATH BY WRONGFUL ACT — CONTRIBUTORY NEGLIGENCE — NON-SUIT.

A judgment of non-suit will not be reversed if any one of the several grounds for the motion therefor is sufficient, although the court may have founded his ruling upon an inadequate reason.

Although contributory negligence is a matter of defense in this state, yet where in an action for damages as a result of defendant's negligence it appears by the plaintiff's case that he is chargeable with contributory negligence, the defendant is entitled to a non-suit.

In an action for damages for death caused by the wrongful act of defendant, there can be no recovery on the ground of the con-

tributory negligence of the deceased, when the evidence shows that deceased was an employé of a cable railway company; that among his duties was the placing of cans of lubricating oil on the dummy cars prior to their first trip, and the oiling of the sheave wheels of the cable before it was started for the day; that on the day of the injury he arrived a little late to his work, and that before he had replaced the planks above the manhole leading to the sheave wheels, after oiling them, he was angrily ordered by the superintendent to let the planks alone and get out the cars; that the first train was then being pushed out of the power house, and that he rushed into the house, caught up an oil can, and hastened to place it in position on the dummy car, which was at the time being pushed toward the sheave wheels, and that after arranging the can he stepped off the car into the uncovered manhole and was crushed to death by the sheave wheels.

*Appeal from Superior Court, King County.*

*James Hamilton Lewis*, and *Ernest S. Lyons*, for appellant.

*Struve, Allen, Hughes & McMicken*, for respondent.

The opinion of the court was delivered by

SCOTT, J. — This is an action for damages by a wife for the death of her husband, under § 8 of the Code of 1881. When the plaintiff introduced her evidence and rested, the defendant moved for a non-suit on three grounds, one of which was, that the plaintiff could not recover because the deceased was chargeable with contributory negligence. The court granted the motion, and plaintiff appealed.

It is contended by appellant that the lower court denied said motion on the ground of contributory negligence, but granted it on the first and second grounds alleged, and for that reason, that the question of the negligence of the deceased in the premises cannot be considered by this court, and for the further reason that contributory negligence is a matter of defense in this state. As we view the matter, it is immaterial which one of said grounds the lower court relied upon in granting the motion, for if any one of them

is sufficient, the judgment would not be reversed. And as to the further proposition, while contributory negligence is a matter of defense in this state, yet if it appears by the plaintiff's case that he is chargeable with contributory negligence, it is sufficient to defeat his right to recover.

It appears by the plaintiff's own showing that the deceased had been in the employment of the defendant company for some time prior to the accident, and the complaint alleges that his duties were to place cans of lubricating oil on the dummy cars, to fix and repair the trucks of said cars, and to oil the sheave wheels, which are described as located in front of the power house in a public street about two and a half feet beneath the surface. It appears that it was one of the duties of the deceased, in connection with the running and operating of the cars of the defendant company over its line of railway, to, before the cars started in the morning, oil the sheave wheels aforesaid, which bore the cable of said railway as it came from the power house, and that it was also his duty to refill and place on the dummy of each train as it left the power house, on its first trip in the morning, a small oil can.

On the 5th day of July, 1890, said Brennan was a few minutes late in oiling said wheels, that is, a few minutes after six o'clock A. M., at which time it was customary for the cable to start and for the first train to leave the power house. To oil said wheels it was necessary to remove a portion of the planking or covering directly over the wheels and get down between the spokes. Just after he had finished oiling them and had gotten out of said place, and was putting down the planks over said hole, Dawson, the superintendent, under whose management and immediate attention the road was operated, appeared in the doorway of the power house and angrily called out to him to let the planks alone and get the cars out. Brennan immediately left the work he was then engaged in, and, as

he had not yet placed the oil can on the dummy of the first train, which was then being pushed from the power house to the turn table to be turned and thence started down Front street, he rushed into the power house, caught up the oil can and ran out to the car, which had been turned and was being pushed by the gripman and the conductor toward the sheave wheels, as the cable could not be taken until beyond said wheels, and stepped on said dummy over the railing, arranged the can in place and stepped off the car, which was then directly over the hole so left uncovered by him when oiling the sheave wheels as aforesaid, and when he stepped from the car he fell into this opening and was crushed to death.

It thus appears that the deceased was well informed in the premises, and must have known the danger involved in stepping off the car with this man-hole, as it was called, left uncovered, and which he had left uncovered but a short time previously. Under such circumstances he was chargeable with contributory negligence, and there can be no liability on the part of the company to respond in damages for his death. For that reason it is unnecessary to consider the other points argued by the respondent.

It is contended by the appellant that the plaintiff ought not to be charged with contributory negligence in the premises because it appears that Dawson was a man of violent temper and turbulent disposition, and had discharged employés upon very slight provocation at various times, and that when he gave the order to Brennen to leave the hole uncovered and help get out the car he so engrossed the attention of deceased, and deceased so felt the necessity of immediate obedience, that in the hurry of attending to his other duties in the premises, he forgot all about leaving the man-hole uncovered; and should not be charged with negligence in so doing. But we cannot agree with this contention. It is admitted that the deceased was de-

linquent upon the morning in question in not being at the power house on time to attend to his duties, and the fact that in the hurry of attending to the same, and in placing the oil can on the dummy car, he forgot all about having left this man-hole uncovered, cannot relieve him from the consequences of his own acts in the premises.

Therefore, the judgment of the superior court in granting the non-suit is affirmed.

DUNBAR, C. J., and STILES and ANDERS, JJ., concur.

HOYT, J., not sitting.