[No. 11122.   Department Two.   September 6, 1913.]

THOMAS W. JONES, *Respondent*, v. THE CITY OF SPOKANE, *Appellant*.[1]

MASTER AND SERVANT—METHODS OF WORK—NEGLIGENCE—ASSUMPTION OF RISKS—QUESTION FOR JURY. In an action for personal injuries sustained by a workman while dismantling a bridge, when an unsupported post fell upon him, the questions of the negligence of the city and the assumption of risks by the plaintiff in placing himself where the post could fall upon him, are for the jury, where the post was left unsupported without giving any warning thereof to the men, and the plaintiff did not know that the post had been loosened in such a manner that it would fall.

SAME—NEGLIGENT METHODS OF WORK—CONTRIBUTORY NEGLIGENCE—EVIDENCE—ADMISSIBILITY. In an action for personal injuries sustained by a workman while dismantling a bridge, when an unsupported post fell upon him, evidence that the foreman, upon a somewhat similar occasion, had shown the plaintiff a flange on the bottom of an unsupported post which held it in position, is admissible to dispel or explain the inference of plaintiff's contributory negligence arising from placing himself where the post would fall upon him; although there was no allegation that the plaintiff had relied upon any assurance of the foreman.

Appeal from a judgment of the superior court for Spokane county, Kennan, J., entered November 4, 1912, upon the verdict of a jury rendered in favor of the plaintiff, for personal injuries sustained by a laborer employed in dismantling a bridge.   Affirmed.

[1]Reported in 134 Pac. 925.

*Cannon, Ferris & Swan* and *Walter A. White*, for appellant.

*W. H. Plummer* and *Henry Jackson Darby*, for respondent.

FULLERTON, J.—This action was brought by the respondent against the appellant, city of Spokane, to recover for personal injuries received by him while in the employment of the city. The trial in the court below resulted in a verdict and judgment in respondent's favor in the sum of $1,500. The city appeals.

The record discloses that the respondent, at the time he received his injury, was engaged with others in dismantling a cantilever steel bridge extending across the Spokane river, which the city was replacing with a reinforced concrete bridge. The work of dismantling the bridge had then been going on for some five months, and the respondent had worked thereon during the entire time, except for a period of six weeks. A cable had been stretched across the river above the bridge, on which a traveler was operated by means of an engine on the bank of the river. As a piece forming the framework of the bridge was loosened, it was fastened to the traveler, and by it carried to the river bank. Prior to the injury, the main arch of the bridge had been removed, and the workmen were just starting on a minor arch; they had removed the rivets from a chord between two plumb posts, had fastened the traveler to the chord, and had caused it to be hoisted and carried away. The removal of the chord left one of the plumb posts standing alone unsupported. Just then, the foreman of the work called to the respondent and two others, who were on top of the bridge, standing on a chord immediately back of the one removed, to come down to the floor of the bridge. One of the persons, a man by the name of Crouch, slid down the sway braces which extended from the top of the plumb post, near which the respondent was standing, to the foot of the plumb post loosened by the

removal of the chord.　After he had reached the bottom, the respondent started down the same way.　He had gone perhaps half the distance, when the loosened plumb post fell upon him, causing the injuries for which he sues.

It is the appellant's principal contention that the dangers to be encountered from sliding down the sway braces were open and obvious, and if the respondent chose to slide down them in descending from the top of the framework of the bridge to its floor, while there were other ways to descend which would eliminate any danger of the falling post, he must be held to have assumed the risk of so doing.　The record, however, seems to us not to bear out the fact assumed.　The respondent's evidence was to the effect that he did not know that the plumb post which fell upon him was loosened in such a manner as to permit it to fall.　He testified that, sometime before, when a chord was removed from a plumb post on the main arch of the bridge, leaving it apparently unsupported, he inquired of the foreman if there was not danger of the post's falling and throwing some one into the river below; that the foreman in reply called his attention to a flange at the foot of the post which held it in position.　That, when the same situation presented itself with reference to the post which fell upon him, he assumed that it likewise had such a flange, when in fact it did not, and he did not learn its actual condition in that respect until after it fell upon him.　We think, in the light of this testimony, that it was for the jury to say, whether, in the first instance, it was negligence on the part of the employer to leave the post in its unsupported condition, and whether, if the employer was thus negligent, the respondent was negligent in failing to discover its condition before placing himself in a situation to be injured in the case it should fall.　There was, therefore, no error in the refusal of the court to take the question from the jury.

The appellant complains that the court erred in admitting in evidence the testimony of the respondent to the effect that the foreman had called his attention to the fact that the

plumb posts in the main arch of the bridge had flanges upon them which prevented them from falling; the argument being that there is no allegation in the complaint that plaintiff relied upon any assurance by the foreman that the place was safe; and that such evidence was also inadmissible because incompetent, irrelevant, and immaterial, the statements testified to having been made at a different time and place, under entirely different circumstances and conditions, and relative to a post on another part of the bridge. But we think these criticisms not well founded. In an action for personal injuries, the question whether the person injured was guilty of contributory negligence is a question which can, under our practice, be determined from the testimony given by the injured person himself concerning the cause and manner of his injury. *Brennan v. Front St. Cable R. Co.*, 8 Wash. 363, 36 Pac. 272. Testimony which tends reasonably to dispel or explain away any inference of negligence that may arise from a narrative of the events giving rise to the injury, is therefore admissible. The evidence here objected to clearly falls within the rule. The other branch of the objection suggested goes rather to the weight of the evidence than to its admissibility, and this was a question for the jury.

The judgment is affirmed.

CROW, C. J., MAIN, and ELLIS, JJ., concur.